UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FIRST LEGAL FOUNDATION,

      Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

Civil Action No. 24-0695 (RDM)

**ANSWER**

Defendant, the United States Department of Justice, and specifically its components the

Office of Information Policy ("OIP") and the Civil Rights Division, by and through its undersigned

counsel, respectfully submits this Answer to the Complaint, EFC No.1, filed by Plaintiff, American

First Legal Foundation, in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

**RESPONSES TO THE NUMBERED PARAGRAPHS**

Defendant responds to the separately numbered paragraphs and prayer for relief contained

in the Complaint below. To the extent that any allegation is not admitted herein, it is denied.

Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes,

or other sources, Defendant may refer to such materials for their accurate and complete contents;

however, such references are not intended to be, and should not be construed to be, an admission

that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any

other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

## COMPLAINT[1]

1.      This paragraph contains Plaintiff's characterization of the nature of its action, to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff brings this action under FOIA seeking to compel release of records responsive to a FOIA request that Plaintiff submitted to Defendant.

## JURISDICTION AND VENUE

2.      This paragraph contains legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of FOIA.

3.      This paragraph contains legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this District.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

5.      Defendant admits that it is an agency of the United States Government, and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530-0001. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA which speaks for itself and denies any allegations in this paragraph inconsistent therewith.

---

[1]     For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6.      This paragraph contains legal conclusions, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph. Defendant further avers that it is in the process of searching to determine whether it has possession, custody, or control of records responsive to Plaintiff's request.

## BACKGROUND

7.      This paragraph characterizes a document and two news reports to which no response is required. To the extent a response is required, the materials referenced in this paragraph speak for themselves and Defendant respectfully refers the Court to those materials for full and accurate statements of their contents and denies any allegations in this paragraph inconsistent therewith.

8.      This paragraph quotes from a Department of Justice publication to which no response is required. To the extent that a response is required, the publication referenced in this paragraph speaks for itself and Defendant respectfully refers the Court to that publication for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

## AFL'S FOIA REQUEST

9.      Defendant admits that it received a FOIA request from Plaintiff addressed to OIP and the Civil Rights Division dated August 1, 2023. The remaining allegations in this paragraph contain Plaintiff's characterization of that request, to which no response is required. To the extent a response is required, the request speaks for itself and Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

10.    Defendant admits that it received a FOIA request from Plaintiff addressed to OIP and the Civil Rights Division dated August 1, 2023. The remaining allegations in this paragraph contain Plaintiff's characterization of that request, to which no response is required. To the extent a response is required, the request speaks for itself and Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

11.    Defendant admits that it received a FOIA request from Plaintiff addressed to OIP and the Civil Rights Division dated August 1, 2023. The remaining allegations in this paragraph contain Plaintiff's characterization of that request, to which no response is required. To the extent a response is required, the request speaks for itself and Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

*Office of Information Policy Response*

12.    Defendant admits that that OIP acknowledged Plaintiff's request in a letter dated August 11, 2023, which speaks for itself. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

13.    Defendant denies that OIP assigned Plaintiff's request tracking number "23-02127," and avers that OIP assigned Plaintiff's FOIA request tracking number "FOIA-2023-02127." The remaining allegations characterize OIP's letter to Plaintiff dated August 11, 2023 to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any remaining allegations in this paragraph inconsistent therewith.

14.    Defendant admits that that OIP invoked an extension of ten days and assigned Plaintiff's request to the complex processing queue. The remaining allegations characterize OIP's letter to Plaintiff dated August 11, 2023, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any remaining allegations in this paragraph inconsistent therewith.

15.    Defendant admits that, on August 21, 2023, OIP sent an email to Plaintiff regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that August 21, 2023 email, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the August 21, 2023 email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

16.    Defendant admits that Plaintiff responded to OIP's August 21, 2023 email to Plaintiff regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that response, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the response referenced in this paragraph for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17.    Defendant admits that, on October 25, 2023, Plaintiff sent an email to OIP regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that October 25, 2023 email, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the

October 25, 2023 email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

18.     Defendant admits that OIP responded to Plaintiff's October 25, 2023 email to Defendant regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that response, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the response referenced in this paragraph for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

19.     Defendant admits that it has not yet provided Plaintiff a final response.

*Civil Rights Division Response*

20.     Defendant admits that that the Civil Rights Division acknowledged Plaintiff's request in a letter dated August 14, 2023, which speaks for itself. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

21.     Defendant admits that the Civil Rights Division assigned Plaintiff's FOIA request tracking number "23-00314." The remaining allegations characterize the Civil Rights Division's letter to Plaintiff dated August 14, 2023 to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any remaining allegations in this paragraph inconsistent therewith.

22.     Defendant admits that that the Civil Rights Division invoked an extension of ten days and assigned Plaintiff's request to the complex processing queue. The remaining allegations characterize the Civil Rights Division's letter to Plaintiff dated August 11, 2023, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant

respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any remaining allegations in this paragraph inconsistent therewith.

23.    Defendant admits that, on August 15, 2023, the Civil Rights Division sent a letter via email to Plaintiff regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that August 15, 2023, correspondence, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the August 15, 2023, correspondence for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

24.    Defendant admits that Plaintiff responded to the Civil Rights Division's August 15, 2023, correspondence to Plaintiff regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that response, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the response referenced in this paragraph for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

25.    Defendant admits that, on February 9, 2024, Plaintiff sent an email to the Civil Rights Division regarding Plaintiff's FOIA request. The remaining allegations in this paragraph contain Plaintiff's characterization of that February 9, 2024, email, which speaks for itself, and to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the February 9, 2024, email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

26.    Defendant admits that the Civil Rights Division has not responded to Plaintiff's February 9, 2024, email and avers that Plaintiff's request was being processed in the normal course.

27.    Defendant admits that it has not yet provided Plaintiff a final response.

**CLAIMS FOR RELIEF**

28.     Defendant incorporates its responses to paragraphs 1through 27 by reference.

29.     Paragraph 29 consists of Plaintiff's legal conclusion to which no response is required. To the extent a response is required, Defendant admits and avers that Plaintiff requested records and that Defendant is in the process of searching to determine whether it has possession, custody, or control of records responsive to Plaintiff's request.

30.     Paragraph 30 consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

31.     Paragraph 31 consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it failed to conduct searches and avers that it has not produced any segregable non-exempt information responsive to Plaintiff's request.

32.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required Defendant denies.

33.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations as written.

34.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required Defendant denies.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint, starting with "WHEREFORE" and including subparagraphs (i) through (vi) set forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1.      Plaintiff is not entitled to compel production of information exempt from disclosure by one or more exemptions in FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

2.      Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

3.      Plaintiff's FOIA request would present an unduly burdensome effort of review, redaction, and production for Defendant.

4.      Plaintiff's request did not reasonably describe the records sought and fails to provide sufficient information to enable Defendant to locate such records with a reasonable amount of effort. 5 U.S.C. § 552(a)(3)(A).

5.      This Court lacks subject-matter jurisdiction over any claims arising from Plaintiff's FOIA requests that Plaintiff failed to exhaust at the administrative level.

6.      The Court lacks subject-matter jurisdiction to the extent Plaintiff's request for relief exceeds that authorized by FOIA.

7.      Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

8.      Plaintiff is neither eligible for nor entitled to attorneys' fees and costs.

Dated:  May 3, 2024                                    Respectfully submitted,
        Washington, DC

                                            MATTHEW M. GRAVES, D.C. Bar #481052

United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/_____

    ANNA D WALKER
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2522

*Attorneys for the United States of America*

- 10 -