UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FIRST LEGAL FOUNDATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Civil Action No. 24-0695 (AHA) |

## JOINT STATUS REPORT

Pursuant to this Court's May 27, 2025, Minute Order, Defendant, the United States Department of Justice, and specifically its components the Office of Information Policy (or "the Office") and the Civil Rights Division (or "the Division") and Plaintiff, American First Legal Foundation, by and through their respective undersigned counsel, hereby submit this joint status report apprising the Court as to the status of this case. *See* Mar. 27, 2025, Min. Order.

Plaintiff's FOIA request at issue in this case seeks certain communications between the Department of Justice and the Southern Poverty Law Center ("SPLC") and records relating to SPLC's 2022 "Year of Hate and Extremism Report." *See* Compl., ECF No. 1 ¶ 9. Details regarding the Office of Information Policy and the Civil Right Division's respective responses to Plaintiff's FOIA request are as follows.

With regard to the Civil Rights Division's response to Plaintiff's FOIA request, the Division has completed its search for potentially responsive documents. As previously reported, the Division ran initial searches consistent with the search terms agreed upon with Plaintiff. The results of these initial searches returned approximately 10,000 records comprising many false positives. The Division then conducted an initial responsiveness review, focusing on the terms and

custodians to eliminate as many clearly non-responsive records as possible and was able to reduce the results of the initial searches to less than 2,000 potentially responsive records, which the Division estimated comprised approximately 10,000 to 17,000 pages. The Division then submitted narrowing proposals to Plaintiff on June 20 and 26, 2024, which it believed would significantly reduce the volume of remaining potentially responsive records gathered. After coming to an agreement on certain narrowing proposals, the Division completed its responsiveness review. The Division has identified approximately 1,500 potentially responsive pages which will require consultation with other equity-holders and other governmental agencies. The Division maintains that it will endeavor to continue to process potentially responsive material at a rate of at least 350 pages per month. The Division provided its first interim response on November 25, 2024, with a release of 127 pages and its second interim response on January 30, 2025, with a release of 74 pages. The Division provided its third interim response on May 13, 2025, with a release of 53 pages. The Division provided its Fourth interim response on July 23, 2025, with a release of 109 pages.

As previously reported, the Office of Information Policy completed its initial responsiveness review. Consistent with Defendant's October 1, 2024, Joint Status Report (ECF No. 11), the Office sorted material determined to be initially responsive into two categories: (1) materials that are topically responsive (i.e., concern the subject matter described in Plaintiff's FOIA request), and (2) materials that may be technically responsive to Plaintiff's FOIA request, but are not likely to shed light on the subject matter of Plaintiff's request. Subject to further responsiveness review and manual deduplication, the Office reported that it determined approximately 4,500 pages to be initially topically responsive, and determined approximately 125,000 pages to be initially technically responsive. The Office advised that it would process the

set of material determined to be initially topically responsive, and then would endeavor to work with Plaintiff to narrow the scope of material determined to be initially technically responsive thereafter. Processing includes further responsiveness review, manual deduplication, and application of FOIA exemptions. The Office also advised that it would endeavor to process at least 350 pages per month before sending material for consultation with Executive Branch equity holders, with a response to follow after the consultation process is complete. Each month, the Office would then send Plaintiff an interim response documenting its progress.

The Office provided its first, second, third, fourth, fifth, and sixth interim responses on December 13, 2024, January 13, February 12, and March 14, April 16, and May 19, 2025, respectively. Additionally, the Office provided a seventh interim response on Tuesday, May 27, 2025, providing Plaintiff its response as to that material referenced as having been processed in its first and second interim responses.[1] Since the last report, the Office provided its eighth and ninth interim response on June 20, 2025, and July 18, 2025. The Office will endeavor to continue to make subsequent interim responses approximately every thirty days until processing of the material determined to be initially topically responsive is complete.

In light of the current status of Plaintiffs' FOIA request, the parties respectfully request that they be allowed to file a further joint status report in approximately sixty days by September 23, 2025, to further apprise the Court of the status of this case.

---

[1] Due to a technical error Plaintiff did not receive the Office's seventh interim response until May 28, 2025.

Date: July 25, 2025

Respectfully submitted,

*/s/ Jacob Meckler* (with permission)
JACOB MECKLER
American First Legal Foundation
611 Pennsylvania Avenue, SE #231
Washington, DC 20003
Telephone: (530) 830-8168
Jacob.Meckler@aflegal.org

*Counsel for Plaintiff*

JEANINE FERRIS PIROO
United States Attorney


By:     */s/ Anna D. Walker*
ANNA D. WALKER
Assistant United States Attorney
601 D. Street, NW
Washington, District of Columbia 20530
Telephone: (202) 252-2544
Anna.Walker_@usdoj.gov

*Attorneys for the United States of America*