UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 24-0695 (AHA) |

## JOINT STATUS REPORT

Pursuant to this Court's February 9, 2026, Minute Order, Defendant, the United States Department of Justice, and specifically its components the Office of Information Policy (or "the Office") and the Civil Rights Division (or "the Division") and Plaintiff, American First Legal Foundation, by and through their respective undersigned counsel, hereby submit this joint status report apprising the Court as to the status of this case. *See* Feb. 9, 2026, Min. Order.

Plaintiff's FOIA request at issue in this case seeks certain communications between the Department of Justice and the Southern Poverty Law Center ("SPLC") and records relating to SPLC's 2022 "Year of Hate and Extremism Report." *See* Compl., ECF No. 1 ¶ 9. Details regarding the Office of Information Policy and the Civil Right Division's respective responses to Plaintiff's FOIA request are as follows.

With regard to the Civil Rights Division's response to Plaintiff's FOIA request, as the Division previously reported, the Division completed its search for potentially responsive documents. The Division ran initial searches consistent with the search terms agreed upon with Plaintiff. The results of these initial searches returned approximately 10,000 records comprising many false positives. The Division then conducted an initial responsiveness review, focusing on

the terms and custodians to eliminate as many clearly non-responsive records as possible and was able to reduce the results of the initial searches to less than 2,000 potentially responsive records, which the Division estimated comprised approximately 10,000 to 17,000 pages. The Division then submitted narrowing proposals to Plaintiff on June 20 and 26, 2024, which it believed would significantly reduce the volume of remaining potentially responsive records gathered. After coming to an agreement on certain narrowing proposals, the Division completed its responsiveness review. The Division identified approximately 1,500 potentially responsive pages which will require consultation with other equity-holders and other governmental agencies. The Division continues to endeavor to process potentially responsive material at a rate of at least 350 pages per month. The Division provided its first interim response on November 25, 2024, with a release of 127 pages and its second interim response on January 30, 2025, with a release of 74 pages. The Division provided its third interim response on May 13, 2025, with a release of 53 pages and provided its fourth interim response on July 23, 2025, with a release of 109 pages. On September 22, 2025, the Division made a fifth interim release comprising 19 pages of material returned to CRT from consultations. On June 4, 2026, the Division made a sixth interim release comprising of 16 pages of material and also referred material to three other components. As previously noted, the Division will continue to respond to Plaintiff on a rolling basis as consultations with other DOJ components and other executive branch entities are returned.  Further, in June, the Division asked Plaintiff to narrow the scope to remove a large number of non-responsive documents and is awaiting Plaintiff's response.

As previously reported, the Office of Information Policy completed its initial responsiveness review. Consistent with Defendant's October 1, 2024, Joint Status Report (ECF No. 11), the Office sorted material determined to be initially responsive into two categories: (1)

materials that are topically responsive (i.e., concern the subject matter described in Plaintiff's FOIA request), and (2) materials that may be technically responsive to Plaintiff's FOIA request, but are not likely to shed light on the subject matter of Plaintiff's request. Subject to further responsiveness review and manual deduplication, the Office reported that it determined approximately 4,500 pages to be initially topically responsive, and determined approximately 125,000 pages to be initially technically responsive. The Office advised that it would process the set of material determined to be initially topically responsive, and then would endeavor to work with Plaintiff to narrow the scope of material determined to be initially technically responsive thereafter. Processing includes further responsiveness review, manual deduplication, and application of FOIA exemptions. The Office also advised that it would endeavor to process at least 350 pages per month before sending material for consultation with Executive Branch equity holders, with a response to follow after the consultation process is complete. Each month, the Office would then send Plaintiff an interim response documenting its progress.

The Office provided its first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth interim responses on December 13, 2024, January 13, February 12, and March 14, April 16, May 19, May 27, June 20, July 18, August 19, 2025, February 17, 2026, and July 31, 2026, respectively, reflecting the Office's initial processing and responses of material determined to be topically responsive. The Office will continue to respond to Plaintiff on a rolling basis as consultations with other executive branch entities are returned, and is currently following up with equity holders on those outstanding consultations. After the Office completes its responses regarding the material determined to be topically responsive, and Plaintiff reviews those materials, the Parties will confer regarding the material determined to be technically responsive.

In light of the current status of Plaintiff's FOIA requests, the parties respectfully request that they be allowed to file a further joint status report in approximately sixty days by October 5, 2026, and every sixty days thereafter, to further apprise the Court of the status of this case.

Date: August 4, 2026                              Respectfully submitted,

                                                  JEANINE FERRIS PIRRO
                                                  United States Attorney

/s/ William Scolinos                              By: /s/ Tara Derbisz
William Frank Scolinos 90023488                   TARA DERBISZ
AMERICA FIRST LEGAL FOUNDATION                     Assistant United States Attorney
611 Pennsylvania Avenue SE #231                   601 D. Street, NW
Washington, DC 20003                              Washington, District of Columbia 20530
(301) 965-0179                                    Telephone: (202) 809-0784
william.scolinos@aflegal.org                      tara.derbisz@usdoj.gov

Counsel for Plaintiff                             Attorneys for the United States of America

4